# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. PAUL EICHWEDEL, Petitioner, vs. NEDRA CHANDLER, Defendant. | Case No. 09 C 7716 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Respondent Nedra Chandler has moved to dismiss as untimely the *pro se* habeas corpus petition filed by Paul Eichwedel. For the reasons stated below, the Court grants Chandler's motion.

## Facts

In 1995, a Cook County jury convicted Eichwedel of first degree murder and solicitation to commit murder. A judge sentenced him to consecutive prison terms of fifty years for murder and twenty-five years for solicitation. On March 31, 1999, the Illinois Appellate Court affirmed the first degree murder conviction and sentence but vacated the solicitation conviction and sentence. On February 2, 2000, the Illinois Supreme Court denied Eichwedel's petition for leave to appeal (PLA), and on January 8, 2001, the United States Supreme Court denied his petition for certiorari.

On December 13, 1998, while his direct appeal was pending, Eichwedel filed a *pro se* post-conviction petition. *See* Resp. Ex. H. The trial court appointed counsel,

who filed a supplemental petition. See Resp. Ex. I. The trial court dismissed the petition on February 8, 2006. Eichwedel appealed, and the Appellate Court affirmed the dismissal of the petition on February 19, 2008. See Resp. Ex. C.

On March 9, 2008, Eichwedel, acting *pro se*, mailed a motion to the Illinois Supreme Court asking for a two-month extension of time to file a PLA. A PLA is due thirty-five days after the decision of the Illinois Appellate Court, which in Eichwedel's case made the due date March 25, 2008. Eichwedel asked the court to extend the date to May 26, 2008. See Resp. Ex. M. In his motion, Eichwedel stated that he was in the process of preparing a petition for mandamus and a petition for habeas corpus to file with the Supreme Court, as well as a federal habeas corpus petition (unrelated to the present one) and a brief in a different appeal. *Id.* ¶¶ 3-5. He also stated that due to the voluminous nature of the record in his criminal case, his access to the record was limited by prison rules, and that this and cutbacks in prison legal staff hindered his ability to file a timely PLA. *Id.* ¶¶ 6-11.

The Clerk of the Supreme Court mailed Eichwedel a letter dated March 28, 2008. Resp. Ex. N. The letter stated, in pertinent part:

> You have been given by the Court **until April 29, 2008,** to file a timely petition for leave to appeal. It is suggested that your petition should contain a detailed statement of the facts concerning your case, such as indictment number, crime, date and length of sentence, and a detailed argument stating the reasons why you feel you are entitled to review by the Supreme Court. A copy of the Appellate Court decision and, if applicable, the order denying your petition for rehearing should be attached to your material, all of which should then be forwarded to this office as soon as possible.
>
> In the event your petition is not timely, you should include with your petition a motion for leave to file a late petition for leave to appeal,

2

explaining the reasons why you were unable to timely file.

*Id.* (emphasis in original).

Eichwedel did not file a PLA by the new deadline of April 29, 2008. On July 24, 2008, he mailed to the Illinois Supreme Court a motion for leave to file a late PLA, along with his proposed PLA. *See* Resp. Ex. O. The proposed PLA was 119 pages long. As grounds for late filing, Eichwedel argued that the appeal was complex and the record exceeded 8,000 pages; he had no formal legal training; his access to his legal materials was restricted as argued in his earlier motion; and law library staff had not granted his request for additional access despite his filing deadline for the PLA. *Id.* ¶¶ 1-6. As a result, Eichwedel stated, he had to work on his PLA "in piecemeal fashion," which contributed to the delay. *Id.* ¶ 7. He also said that his requests for access to the law library had been denied contrary to law library policies and that his grievances regarding these actions had produced no results. *Id.* ¶¶ 8-10. Eichwedel attached exhibits to his motion supporting his contentions regarding access to his legal materials and the law library.

On September 12, 2008, the Illinois Supreme Court entered an order stating that "[t]he motion by petitioner for leave to file a late petition for leave to appeal is <u>allowed</u> and is treated as a petition for leave to appeal." Resp. Ex. P (emphasis in original). The Supreme Court denied the PLA on November 26, 2008. *See* Resp. Ex. Q. It appears that Eichwedel filed a motion for reconsideration, but the Clerk rejected this on the ground that Eichwedel first had to seek leave of court to file such a motion. *See* Resp. Ex. R at Ex. B (Supreme Court Clerk's letter dated December 29, 2008).

Eichwedel then filed a motion for leave to file a motion to reconsider, which he mailed to the Supreme Court on January 12, 2009. *See* Resp. Ex. R. The Supreme Court denied the motion on February 9, 2009. *See* Resp. Ex. S.

Eichwedel mailed his habeas corpus petition to this Court on November 25, 2009. The Clerk received the petition on December 11, 2009.

## Discussion

Chandler argues that Eichwedel's habeas corpus petition is untimely. A one-year limitations period applies to habeas corpus petitions filed under 28 U.S.C. § 2254. The one-year period runs from the latest of several dates, only two of which are potentially applicable in this case:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> . . .

28 U.S.C. § 2244(d)(1)(A) & (B). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" does not count toward the one-year period. *Id.* § 2244(d)(2).

Eichwedel's conviction became final on January 8, 2001, when the United States Supreme Court denied his petition for certiorari. His post-conviction petition was already pending at that point, so the one-year limitations period for filing a federal habeas corpus petition did not start running.

4

Chandler argues that the one-year clock started to run on April 30, 2008, the extended date the Illinois Supreme Court gave Eichwedel to file a PLA regarding the dismissal of his post-conviction petition. She argues that the clock stopped again eighty-five days later, on July 24, 2008, the date Eichwedel mailed to the Illinois Supreme Court his motion to file a late PLA. Chandler argues that Eichwedel had 280 days left on the clock at that point. Chandler contends that the clock started again on November 27, 2008, the day after the Supreme Court denied Eichwedel's PLA. Eichwedel mailed his habeas corpus petition 363 days later, on November 25, 2009. If Chandler's argument is correct, the clock had already run out eighty-three days earlier, on September 3, 2009.

The Seventh Circuit's decision in *Fernandez v. Sternes*, 227 F.3d 977 (7th Cir. 2000), supports Chandler's argument. In *Fernandez*, the petitioner had, like Eichwedel, missed the deadline for filing a PLA regarding his post-conviction petition. He later filed a motion to file a late PLA, which the Illinois Supreme Court granted, issuing an order that stated (like the one in Eichwedel's case) that it would treat his petition for leave to file a late PLA as a PLA. *Id.* at 979. The Seventh Circuit concluded that the post-conviction petition was not "pending" between the due date for the PLA and the date on which Fernandez had filed the request for late filing. The court stated that "[a]n untimely petition is just that; it is filed when it is filed, and it was not "pending" long before its filing." *Id.* at 981. The court rejected contrary authority from the Ninth Circuit. *Id.*

Eichwedel points out some distinctions between his case and *Fernandez*, but

they are insignificant. In this Court's view, the Seventh Circuit's interpretation of section 2244(d)(2) did not depend on the particular scenario that existed in Fernandez's case.

Eichwedel also argues that *Fernandez* is undermined by the Supreme Court's decision in *Carey v. Saffold*, 536 U.S. 214 (2002), in which the Supreme Court ruled that a post-conviction petition is considered to be "pending" within the meaning of section 2244(d)(2) "as long as the ordinary state collateral review process is in continuance – i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" *Id.* at 219-20 (internal quotation marks omitted). The Seventh Circuit, however, reaffirmed *Fernandez* after the Supreme Court decided *Saffold*. In *De Jesus v. Acevedo*, 567 F.3d 941 (7th Cir. 2009), the court stated, citing *Fernandez*, that "a state's latitude or lassitude with respect to time does not extend the . . . limit" contained in section 2244(d). *Id.* at 943. More recently, in *Griffith v. Rednour*, ___ F.3d ___, 2010 WL 2852631 (7th Cir. July 22, 2010), the Seventh Circuit specifically held that *Fernandez* survives *Saffold*. *Id.* at *2.

For these reasons, the Court agrees with Chandler that Eichwedel filed his habeas corpus petition eighty-three days after the one-year period in section 2244(d)(1) had expired.

Eichwedel also argues, however, that the Court should consider the limitations period equitably tolled and his petition timely. The Supreme Court recently held, in *Holland v. Florida*, 130 S. Ct. 2549 (2010), that section 2244(d)(1), like all other "non-jurisdictional" federal limitations periods, is subject to equitable tolling in appropriate

6

circumstances. Equitable tolling applies when the petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This is a relatively narrow window for a habeas corpus petitioner. In *Griffith*, for example, the Seventh Circuit held that a petitioner's (or his lawyer's) misunderstanding about how to figure out when a state post-conviction petition is "pending" for purposes of section 2244(d)(2) does not qualify as an extraordinary circumstance warranting tolling. "[A] simple legal mistake does not excuse an untimely filing." *Griffith*, 2010 WL 2852631, at *3.

Eichwedel's primary contention is that the paralegal who controls access to the law library at Dixon Correctional Center, where he is incarcerated, has engaged in a campaign of retaliation against him. He contends that his access to the law library and his legal materials has been unreasonably restricted and that the access he had was insufficient to enable him to file his habeas corpus petition on time.

Eichwedel says that prison directives limit the amount of legal material an inmate can keep in his cell. Everything beyond the limited amount that an inmate can keep with him must be placed in boxes that are stored at the prison law library. Eichwedel says that due to the voluminous nature of the record in his case and the complexity of the issues – as well as other litigation he has pursued – his "excess legal storage boxes" contain a significant amount of important material. To obtain access to that material, he must go to the prison law library.

Unsurprisingly, Dixon has rules that determine when and how inmates are permitted to go to the law library. According to Eichwedel, in July 2007, he had a

7

dispute with the paralegal who runs the library over access to his excess materials. He says that the paralegal told him, in substance, that he would no longer be given the same access to those materials that he had before – access that, Eichwedel contends, he was entitled to under Dixon's rules. After that, Eichwedel says, the paralegal carried out her threat and cut his access to the library in various ways, including (among other things) scheduling his appointments for dates she knew he would be unavailable, and showing up late and leaving early on days when he had library time, thus cutting the time he had to access his materials and use the library.

Chandler disputes many of Eichwedel's factual contentions, but for present purposes the Court takes as true his claims that he did not get as much access to the law library or his legal materials as he was entitled to get under prison rules. What Eichwedel has failed to show, however, is a causal connection between this and the late filing of his habeas corpus petition. Though Eichwedel says that the restricted access hampered his preparation of the petition, he does not say that he would have filed the petition on time – that is, by September 3, 2009 – were it not for the restrictions he experienced.

Instead, what comes through from Eichwedel's submissions to this Court is that, like many other prisoners, he misunderstood when his habeas corpus petition was due. In August 2009, Eichwedel wrote a prison paralegal a letter in which he expressed his belief that he had one year from the date his post-conviction PLA was denied, which made his due date November 29, 2009. *See* Eichwedel Surreply at 51. That understanding was incorrect. But as *Griffith* holds, this does not entitle Eichwedel to

8

equitable tolling of the limitations period.[1]

In the same letter, Eichwedel stated that "I still have some questions regarding whether my case was considered to be 'pending' throughout the relevant period of time," and he made specific reference to the effect of the Illinois Supreme Court's permission to file a late PLA. *Id.* Eichwedel does not contend, however, that any prison official or paralegal gave him incorrect information about his filing deadline generally or about how to calculate the period during which his state post-conviction petition would be considered to be pending under section 2244(d)(2). Rather, he contends only that paralegals declined to answer his questions about these topics.

Eichwedel has submitted two detailed and articulate memoranda to the Court, but they contain no representation that he knew his actual filing deadline but could not meet it due to the alleged restrictions on his library access. Nor does EIchwedel say in either of those lengthy submissions that he would have been able to file by September 3, 2009, his actual due date, absent the library access restrictions he faced. Rather, as the Court has indicated, it is apparent that Eichwedel misunderstood how the deadline would be calculated. This is supported by the fact that Eichwedel mailed his habeas corpus petition 364 days after the Illinois Supreme Court denied his post-conviction PLA. That, in the Court's view, was no coincidence; it indicates that Eichwedel believed his actual due date was one year after the Supreme Court's ruling on the PLA.

In any event, between November 25, 2008, the date the Illinois Supreme Court

---

[1] No decision of the Seventh Circuit suggests that lack of knowledge of the *Fernandez* rule or any similar rule provides a basis for equitable tolling of the habeas corpus limitations period.

denied Eichwedel's post-conviction PLA, and his September 3, 2009 due date for the present petition, prison officials issued Eichwedel a library pass on 169 separate days, and he accessed his boxed legal materials on thirty-seven of those days. *See* Chandler Amended Reply, Ex. 2. Though the Court acknowledges that Eichwedel's case is more complex than most, one would be hard-pressed to call this a restriction of access that amounts to "extraordinary circumstances" warranting equitable tolling.

The Court also rejects Eichwedel's argument that Chandler is estopped from raising a timeliness defense. Eichwedel contends that the state inordinately delayed the proceedings at various junctures during his direct appeal and post-conviction case and that it is unfair to permit the state to insist on strict compliance with the filing deadline for federal habeas corpus petitions. Eichwedel cites no authority supporting this argument, nor is the Court aware of any.

Eichwedel also contends that the restrictions on his access to the law library and his legal materials constituted an "impediment to filing" his habeas corpus petition within the meaning of section 2244(d)(1)(B) such that the one-year limitations period never started to run, or at least started to run less than one year before he filed the petition. The Court rejects that argument for the same reasons that it rejected Eichwedel's equitable tolling claim.

Finally, in mid-June 2010, Eichwedel filed a motion for a temporary restraining order and a preliminary injunction. He argued in that motion that he was again (or still) experiencing retaliatory restrictions on his access to the law library and his legal materials. The Court, however, gave Eichwedel the extensions of time he sought in responding to Chandler's motion to dismiss. Eichwedel has filed two detailed and

articulate memoranda stating his position. For purposes of this case, therefore, his request for additional access to the law library and his legal materials is moot. To the extent Eichwedel contends that the restrictions are hampering him in pursuing or filing other cases, his remedy is not with this Court.

**Conclusion**

For the reasons stated above, the Court denies petitioner's motion for a temporary restraining order and a preliminary injunction [# 32] and grants respondent's motion to dismiss [#11 & 18]. The Clerk is directed to enter judgment dismissing the petition for a writ of habeas corpus.

_____
　　MATTHEW F. KENNELLY
　　United States District Judge

Date: September 20, 2010