# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7716 | **DATE** | 12/18/2011 |
| **CASE TITLE** | Paul Eichwedel vs. Nedra Chandler | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies petitioner's motion for a certificate of appealability [# 50]. The Court grants petitioner's motion to appeal *in forma pauperis* [# 54 & 55]. The Clerk is directed to transmit a copy of this order to the United States Court of Appeals for the Seventh Circuit.1

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

The Court previously concluded that petitioner's habeas corpus petition under 28 U.S.C. § 2254 was time-barred. The Court has had under advisement for an extended period petitioner's request for a certificate of appealability (COA) under 28 U.S.C. 2253. A court may issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right," *id.* § 2253(c), which requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks and citation omitted). When, as in this case, the district court has denied a habeas corpus petition on procedural grounds, it may issue a COA only if the petitioner meets this standard as to *both* the procedural issue and on the merits of at least one of his claims. *Id.* at 484.

The Court preliminary concluded, on January 3, 2011, that the limitations issue was sufficiently debatable to qualify for issuance of a COA. The reason for the Court's inordinate delay in ruling on the COA issue concerned the need for the parties to brief the merits of petitioner's claims and the unusually long submissions they made in that regard.

The Court believes that reasonable jurists could differ regarding the statute of limitations issue. In particular, reasonable jurists could differ regarding whether the time between the due date for a petition for leave to appeal (PLA) to the Illinois Supreme Court and the date on which that Court granted a request to file a late PLA counts against the one-year statute of limitations for habeas corpus cases. In particular, reasonable jurists could conclude that counting this time against an imprisoned petitioner's already-short limitation period is inappropriate given the Supreme Court's conclusion in *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002), that a state post-conviction petition is considered pending under the statute of limitations until the state courts' review process is complete. The Court acknowledges that the Seventh Circuit has reached the

**STATEMENT**

opposite conclusion in a recent, post-*Carey* decision (as the Court noted in its dismissal order), but that does not mean in this Court's view that the COA issue is foreclosed. The Court also notes that a straight-faced argument can be made that reading the statute of limitations in the way the Court did in this case makes the statute into an unfair trap for the unwary, given the fact that the state court dealt with the PLA on its merits.

The Court has reviewed the merits of Eichwedel's claims for COA purposes. Eichwedel asserts three claims that are not subject to a defense of procedural default. The first is a claim that the state courts incorrectly concluded that his confession was involuntary. The confession was not admitted at Eichwedel's retrial. It was excluded due to an appellate ruling that it had been elicited after Eichwedel had requested counsel, in violation of *Edwards v. Arizona*, 451 U.S. 477 (1981). *See People v. Eichwedel*, 247 Ill. App. 3d 393, 617 N.E.2d 345 (1993). At the retrial, however, the trial judge reaffirmed the original trial judge's conclusion that the confession had not been given involuntarily. The court concluded as a result that "fruits" of the confession, including incriminating evidence seized from Eichwedel's business office, were admissible. The Illinois Appellate Court affirmed the trial judge's voluntariness ruling. *See People v. Eichwedel*, No. 1-96-0675, slip op. (Ill. App. Mar. 31, 1999). The Court concludes that this claim does not qualify for a COA on the merits. The state court applied the appropriate standard established by the U.S. Supreme Court as of the time of its ruling. Given the presumption of correctness that applies to state court factual findings, reasonable jurists would not disagree that the state appellate court's voluntariness decision did not constitute an unreasonable application of that standard. Among other things, the state court appears to have taken into account the denial of Eichwedel's request for counsel in assessing the evidence on voluntariness, a point (among others) with which Eichwedel takes issue. The Court also notes that a good deal of the evidence that Eichwedel cites in support of his contention that the confession was involuntary was elicited at trial and does not appear to have been before the trial court when it decided the voluntariness issue prior to trial.

Eichwedel's second claim that is not subject to a procedural default defense involves the prosecution's use of testimony from his first trial by a witness that the trial judge found unavailable at the second trial. The Court concludes that this claim likewise does not qualify for a COA on the merits. Reasonable jurists could differ in the first instance regarding whether the prosecution made a sufficiently diligent effort to locate the witness, but in the Court's view reasonable jurists would agree that the state courts' contrary conclusion did not unreasonably apply federal law as established by the Supreme Court.

Eichwedel's third and final claim that is not subject to a procedural default defense involves whether his appellate counsel rendered ineffective assistance for failure to address the prosecution's argument that Eichwedel had forfeited his claim that certain records used against him constituted inadmissible hearsay. Reasonable jurists would not differ regarding the appropriateness, under section 2254, of the state appellate court's conclusion that Eichwedel was not prejudiced by any allegedly deficient performance by counsel because the documents were not hearsay, having been showed to be authored by Eichwedel himself.

All of Eichwedel's remaining claims are subject to a defense of procedural default, specifically that he did not assert them through one complete round of state proceedings, including at the appellate level. The Court assumes for purposes of discussion, for the reasons described in the Court's decision in *Parker v. Chandler*, No. 09 C 4231, 2011 WL 221834 (N.D. Ill. Jan. 24, 2011), that Eichwedel's diligent and thorough efforts to get these claims before the state courts at the appellate level, despite the apparent decision by the counsel appointed for him not to raise the claims, overcomes the defense of default. The claims, however, were deficient on the merits, for the reasons described in detail by respondent in opposing issuance of a COA. *See* Resp. to Mot. for Certif. of Appealability at 50-84.

For these reasons, the Court denies petitioner's motion for a certificate of appealability [# 50]. The Court

**STATEMENT**

grants petitioner's motion to appeal *in forma pauperis* [# 54 & 55].

Case: 1:09-cv-07716 Document #: 82 Filed: 12/18/11 Page 3 of 4 PageID #:3266